Anna Y. Park, SBN 164242
Derek W. Li, SBN 150122
Amrita Mallik, SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Anna Y. Park, SBN 164242
Derek W. Li, SBN 150122
Amrita Mallik, SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Wal-Mart Stores, Incorporated, dba Sam's Club, and DOES 1-10, Inclusive,<br>　　　　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT - CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION**<br>　**Hostile Work Environment Based**<br>　**on National Origin (Hispanic)**<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Wal-Mart Stores, Incorporated, dba, Sam's Club, and Does 1 - 10 ("Defendants") subjected Charging Parties, Martina Perez, Sofia Alvarez, and Evangelina Valdez ("Charging Parties,") and a class of other

similarly situated individuals to harassment, resulting in a hostile work environment, because they are Hispanic / Latino.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

4. Plaintiff, United States Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendants have been continuously doing business in California and in the jurisdiction of the United States District Court of the Eastern District of California.

6. At all relevant times, Defendants have continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

8. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants"). Therefore, Plaintiff

1 sues said Defendants by such fictitious names.  Plaintiff reserves the right to
2 amend the complaint to name the Doe Defendants as they become known.
3 Plaintiff alleges that each of the Defendants named as Doe Defendants was in some
4 manner responsible for the acts and omissions alleged herein and Plaintiff will
5 amend the complaint to allege such responsibility when Plaintiff has ascertained
6 the identity of the Doe Defendants.

7      9. All of the acts and failures to act alleged herein were duly performed
8 by and attributable to all Defendants, each acting as a successor, alter ego, joint
9 employer, integrated enterprise, agent, employee, successor, or under the direction
10 and control of the others, except as otherwise specifically alleged.  The alleged acts
11 and failures to act were within the scope of such agency and/or employment, and
12 each Defendant participated in, approved and/or ratified the other Defendants'
13 unlawful acts and omissions alleged in this complaint.  Whenever and wherever
14 reference is made in this Complaint to any act by a Defendant or Defendants, such
15 allegations and reference shall also be deemed to mean the acts and failures to act
16 of each Defendant acting individually, jointly, and/or severally.

17 **STATEMENT OF CLAIMS**

18      10. More than thirty days prior to the filing of this lawsuit, Charging
19 Parties Martina Perez, Sofia Alvarez, and Evangelina Valdez filed charges with the
20 Commission alleging that Defendants violated Title VII.  The Commission
21 investigated and issued a Letter of Determination finding that Defendants
22 subjected Charging Parties and a class of other similarly situated employees to a
23 hostile work environment on the basis of their national origin, Hispanic / Latino, in
24 violation of Title VII.  Prior to instituting this lawsuit, the EEOC attempted to
25 eliminate the unlawful employment practices herein alleged and to effect voluntary
26 compliance with Title VII through informal methods of conciliation, conference,
27 and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. §
28

1  2000e-5(b).  All conditions precedent to the institution of this lawsuit have been
2  fulfilled.
3        11.    Since at least early 2006, Defendants have engaged in unlawful
4  employment practices and in a pattern of such practices in violation of and as
5  enforced through Section 703, 706, and 707 of Title VII, 42 U.S.C. §§ 2000e-2,
6  2000e-5, and 2000e-6.  Defendants subjected Charging Parties and a class of other
7  similarly situated employees to harassment resulting in a hostile work
8  environment.  The unlawful employment and discriminatory practices include but
9  are not limited to physical intimidation and verbal harassment of the Charging
10 Parties and similarly situated individuals by repeated use of the term "wetback"
11 and other derogatory comments directed against them based on their national
12 origin (Hispanic / Latino).  Despite having notice of such harassment, Defendants
13 failed to take prompt and effective remedial measures.
14       12.    The effect of the practices complained of as described above has been
15 to deprive Charging Parties and a class of similarly situated employees of equal
16 employment opportunities and otherwise adversely affect their status as
17 employees, because of their national origin, Hispanic/Latino.
18       13.    The unlawful employment practices described in paragraphs 10
19 through 11 above were intentional.
20       14.    The unlawful employment practices described in paragraphs 10-11
21 above were done with malice or with reckless indifference to the federally
22 protected rights of Charging Parties and a class of similarly situated employees.
23       15.    As a direct and proximate result of the acts of Defendants, as
24 described above, Charging Parties and the class of similarly situated employees
25 have suffered pain and suffering, inconvenience, loss of enjoyment of life,
26 humiliation and damages, all to be proven at trial.
27 //
28 //

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their respective officers, assigns, agents, alter ego, joint employer, integrated enterprise, successors, and all persons in active concert or participation with them, from engaging in any employment practices, which discriminate on the basis of national origin;

B.  Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendants to make whole Charging Parties and the class of similarly situated employees by providing the appropriate past and future pecuniary losses, and/or other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

D.  Order Defendants to make whole Charging Parties and the class of similarly situated employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.  Order Defendants to pay Charging Parties and the class of similarly situated employees punitive damages for its malicious and /or reckless conduct as described above, in amounts to be determined at trial;

F.  Grant such further relief as the Court deems necessary and proper in the public interest; and

G.  Award the Commission its costs of this action.

//
//

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

                JAMES LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                U.S. Equal Employment Opportunity Commission
                1801 L Street, N.W.
                Washington, DC 20507

Date: May 6, 2009         BY:        /s/ Anna Y. Park            .
                ANNA Y. PARK
                Regional Attorney
                U.S. Equal Employment Opportunity Commission
                Los Angeles District Office